JOHN M. LUEBBERKE, City Attorney
State Bar No. 164893
TED DANIEL WOOD, Deputy City Attorney
State Bar No. 191768
425 N. El Dorado Street, Second Floor
Stockton, California 95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898
Email: ted.wood@stocktongov.com

Attorneys for Defendants
CITY OF STOCKTON; ROBIN HARRISON; PATRICK MAYER; MICHAEL PEREZ; ERIC JONES

LORI RIFKIN, SBN 244081
RIFKIN LAW OFFICE
P.O. Box 19169
Oakland, CA 94169
Telephone: (415) 685-3591
Facsimile: (510) 255-6266
Email: lrifkin@rifkinlawoffice.com

Attorneys for Plaintiff
NATHANIEL SMITH

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nathaniel Smith, <br><br> Plaintiffs, <br><br> vs. <br><br> City of Stockton; Officer Mayer, Officer Robin Harrison, Officer Michael Perez, and former Chief of Police Blair Ulring, in their individual capacities; and Chief of Police Eric Jones, in his official capacity, <br><br> Defendants. | Case No. 2-15-CV-00363-GEB-AC <br><br> **STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION** <br><br><br> Judge: Hon. Garland E. Burrell, Jr. <br> Complaint Filed: February 12, 2015 |

## **STIPULATION**

Plaintiff NATHANIEL SMITH and Defendants CITY OF STOCKTON, ROBIN HARRISON, PATRICK MAYER, MICHAEL PERERZ, and ERIC JONES (also hereinafter collectively referred to as "City Defendants"), by and through their undersigned counsel of

1

1 record, and subject to the approval of the court, stipulate to the following Protective Order as set
2 forth below:

3     1.    In connection with any discovery proceedings in this action, the parties may agree
4 or the Court may direct that any document, thing, material, testimony or other information
5 derived therefrom, be designated as "Confidential" under the terms of this Stipulated Protective
6 Order ("Order").  Confidential information is information which has not been made public and is
7 privileged and confidential and protected from public disclosure under applicable Federal or
8 California State laws.

9     2.    Confidential documents shall be so designated by stamping copies of the
10 document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend
11 "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the
12 document as confidential, unless otherwise indicated by the producing party.

13     3.    Material designated as confidential under this Order, the information contained
14 therein, and any summaries, copies, abstracts, or documents derived in whole or in part from
15 material designated as confidential ("confidential material") shall be used only for the purpose of
16 the prosecution, defense, or settlement of this action (Nathaniel Smith v. City of Stockton, et al.,
17 Case No. 2:15-00363-GEB-AC), and for no other purpose.

18     4.    Confidential material produced pursuant to this Order may be disclosed or made
19 available only to the court, to counsel for a party (including the paralegal, clerical, and secretarial
20 staff employed by such counsel) and to the "qualified persons" designated below:

21     a.    Experts or consultants (together with their clerical staff) retained by such
22     counsel to assist in the prosecution, defense or settlement of this action;
23     b.    Court reporters employed in this action;
24     c.    A witness at any deposition or proceedings in this action; and
25     d.    Any other person as to whom the parties in writing agree.

26     Prior to receiving any confidential material, each "qualified person" shall be
27 provided with a copy of this Order and shall execute a non-disclosure agreement in the form of
28 Attachment A, a copy of which shall be maintained by the counsel who is providing the

STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION

1 materials.

2     5.    The portion of any deposition in which confidential materials are discussed shall
3 be taken only in the presence of qualified persons, as defined above.

4     6.    Nothing herein shall impose any restrictions on the use or disclosure by a party of
5 material obtained by such party independent of discovery in this action, whether or not such
6 material is also obtained through discovery in this action, or from disclosing its own confidential
7 material as it deems appropriate.  However, medical records of Plaintiff that Defendant(s) have
8 obtained through lawful law enforcement activities independent of discovery in this case shall be
9 deemed confidential material subject to the provisions of this Agreement.

10     7.    Receipt by any party of any confidential information does not constitute, nor is it
11 to be construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

12     8.    If confidential material, including any portion of a deposition transcript designated
13 as confidential is included in any papers to be filed in court, such papers shall be labeled
14 "CONFIDENTIAL-SUBJECT TO COURT ORDER" and filed under seal until further order of
15 this court.  Each envelope containing confidential material shall be endorsed with the title and
16 case number of this action, and indication of the nature of said sealed envelope, a legend
17 "CONFIDENTIAL-DESIGNATED BY COUNSEL," and a statement substantially in the
18 following form: "This envelope containing documents which are filed in this case is not to be
19 opened, nor the contents thereof to be displayed or revealed except by order of the court."
20 Except, however, that any papers served on counsel for the parties need not include separate
21 sealed envelopes for confidential materials.

22     9.    This Order shall be without prejudice to the right of the parties 1) to bring before
23 the court at any time the question of whether any particular document or information is
24 confidential or whether its use shall be restricted; or 2) to present a motion to the court under
25 Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular
26 document or information, including restrictions different from those as specified herein. This
27 Order shall not be deemed to prejudice the parties in any way in any future application for
28 modification of this Order.

STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION

10. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

11. This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public and the court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever occurs first, each party shall return to the producing party all confidential materials and any and all copies thereof.

**IT IS SO STIPULATED.**

Dated:                                                          RIFKIN LAW OFFICE

                                                                BY     */s/ Lori Rifkin*
                                                                       LORI RIFKIN

                                                                Attorneys for Plaintiff
                                                                Nathaniel Smith


Dated:                                                          JOHN M. LUEBBERKE
                                                                CITY ATTORNEY

                                                                BY     */s/ Ted Daniel Wood*
                                                                       TED DANIEL WOOD
                                                                       Deputy City Attorney

                                                                Attorneys for Defendants
                                                                CITY OF STOCKTON, et al.

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: August 10, 2015                                          _____
                                                                ALLISON CLAIRE
                                                                UNITED STATES MAGISTRATE JUDGE

4

## ATTACHMENT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Nathaniel Smith v. City of Stockton, et al.*, United States District Court for the Eastern District of California, Civil Action Case No. 2:15-CV-00363-GEB-AC, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:_____